IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| KENNETH BAUMRUK, Register No. 1063274, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4275-CV-C-NKL |
| | ) | |
| JEREMIAH W. NIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

    Plaintiff Kenneth Baumruk, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Missouri Attorney General Jeremiah W. Nixon and Missouri Department of Corrections Treasurer Rodney Kueffer.

    Plaintiff's complaint challenges an ongoing state proceeding, specifically, <u>State of Missouri, ex rel., Jeremiah W. Nixon, Missouri Attorney General v. Kenneth Baumruk</u>, No. 08AC-CC00803 (Mo. 19th Dist. filed Sept. 30, 2008). Plaintiff alleges that the State of Missouri, pursuant to the Missouri Incarceration Reimbursement Act, is seeking to attach monies from his inmate account, in violation of Federal ERISA law.

    Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's complaint is virtually identical to his claims asserted in an earlier removal action, State of Missouri, ex rel., Jeremiah W. Nixon, Missouri Attorney General v. Baumruk, No. 08-4274-NKL (W.D. Mo. filed Oct. 31, 2008), in which plaintiff seeks to have the State of Missouri's Petition for Incarceration Reimbursement removed to federal court based on his assertion of ERISA as a defense to the petition.

"The court may consult its own records as an aid in determining whether the complaint is frivolous." Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975). Where the court finds that an indigent plaintiff seeks to file in forma pauperis a complaint which presents claims that are similar, if not identical, to those which are alleged by him in another pending action, the duplicate case may be dismissed under section 1915. Id., 518 F.2d at 367. The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee. Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984). Thus, while plaintiff may be entitled to proceed in forma pauperis to prosecute claims which are not otherwise "frivolous or malicious" under 28 U.S.C. § 1915, he is not entitled to expend unnecessarily the limited resources of the court and opposing parties by the initiation of duplicative actions.

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, on the basis of indigence. [2] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make

2

specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 4th day of March, 2009, at Jefferson City, Missouri.


/s/ *William A. Knox*
WILLIAM A. KNOX
United States Magistrate Judge